STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SLOAN HEFFRON (CABN 285347)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    Fax: (415) 436-7234
    Sloan.heffron@usdoj.gov

Attorneys for United States of America

FILED

Feb 01 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:23-mj-70082 MAG |
|---|---|
| Plaintiff, | ) [PROPOSED] DETENTION ORDER |
| v. | ) |
| RYAN TAYLOR, | ) |
| Defendant. | ) |

    In December 2022, the United States Probation Office in the Eastern District of California filed a Petition for Warrant or Summons for Offender Under Supervision for defendant Ryan Taylor. *See United States v. Taylor,* No. 2:19-CR-0078 JAM, Dkt. 40 (E.D. Cal. Dec. 13, 2022) (the "December 2022 Petition"). The Petition contains four charges alleging that Taylor violated the conditions of his supervised release. Those charges are as follows:

    <u>Charge One</u>: Taylor violated the condition of supervision requiring that he not commit another federal, state, or local crime. Specifically, on October 20, 2022, in Placer County, California, Taylor allegedly possessed suspected methamphetamine, suspected gamma hydroxybutyrate ("GHB"), and numerous syringes, in violation of California Health and Safety Code sections 11377 (Possession of a Controlled Substance), 11350 (Possession of a Controlled Substance), and 11364 (Possession of Drug

Paraphernalia), respectively.

Charge Two: Taylor violated the condition of supervision requiring that he not unlawfully possess a controlled substance. This allegation is based on the same conduct underlying Charge One.

Charge Three: Taylor violated the condition of supervision requiring that he refrain from any unlawful use of a controlled substance. U.S. Probation alleges that on November 7, 2022, Taylor reported that he started using methamphetamine on October 20, 2022, and that he had used methamphetamine daily for two or three weeks.

Charge Four: Taylor violated the condition of supervision requiring that he follow the directions of his probation officer related to the conditions of supervision. Specifically, on November 29, 2022, Taylor failed to appear for a scheduled office visit with U.S. Probation, at which he was to submit to drug testing. Thereafter, Taylor stopped contacting his assigned U.S. Probation Officer.

The Honorable John A. Mendez of the United States District Court for the Eastern District of California signed the Petition and issued a no bail warrant for Taylor's arrest. On January 26, 2023, Deputy U.S. Marshals located Taylor in the Northern District of California and took him into custody on the arrest warrant. That same day, the United States Attorney's Office for the Northern District of California filed a Notice of Proceedings on Out of District Charges Pursuant to Rule 5 of the Federal Rules of Criminal Procedure. On January 27, 2023, Taylor made his initial appearance on the Rule 5 Notice before this Court. At that time, the government moved for detention, and the defendant opposed. At Taylor's request, a detention hearing was scheduled for January 31, 2023.

Under the Federal Rules of Criminal Procedure, a person held in custody for violating supervised release "must be taken without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 32.1(a)(1). The magistrate judge "may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). A person charged with a supervised release violation bears the burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6); Fed. R. Crim. P. 46(d).

On January 31, the Court held the detention hearing. Taylor was present and represented by Assistant Federal Public Defender Sophia Whiting. Assistant United States Attorney Sloan Heffron

appeared for the government. At the hearing, counsel submitted proffers and arguments regarding detention. Additionally, the government advised the Court that Taylor's U.S. Probation Officer recommended detention on grounds that Taylor is both a danger to the community and a flight risk.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds Taylor has not met his burden of establishing by clear and convincing evidence that he is not likely to flee if released. Accordingly, the defendant must be detained pending further proceedings in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons. According to the Form 12, after missing the November 29, 2022, meeting with U.S. Probation, Taylor stopped contacting his probation officer. Due to the timing of events, it appears that the cessation of contact with the probation officer is what triggered the arrest warrant. The Court finds that in light of this recent cessation of contact with the probation officer, Taylor has not shown by clear and convincing evidence that he can be counted on to show up for a court hearing in the Eastern District of California. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

...

DATED: ~~January 31, 2023~~ February 1, 2023

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge